UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE PARISH OF PLAQUEMINES** | * | CIVIL ACTION NO. 2:18-cv-05263 |
| | * | |
| Plaintiff, | * | JUDGE FELDMAN |
| | * | |
| versus | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| **HHE ENERGY COMPANY, CHEVRON U.S.A. INC., TOM HUNT, TRUSTEE, SHELL OFFSHORE INC., SHELL OIL COMPANY, CHEVRON U.S.A. HOLDINGS INC., VINTAGE PETROLEUM, LLC, APACHE OIL CORPORATION, EPL OIL & GAS INC., DEVON ENERGY PRODUCTION COMPANY, L.P., BADGER OIL CORPORATION, AND BAY COQUILLE, INC.,** | * | |
| | * | |
| Defendants. | * | |

## RESPONSE TO PLAINTIFFS' "POSITION ON RELATEDNESS"

When opposing centralization in argument before the JPML, Plaintiffs agreed the coastal cases should be assigned to a single judge in the Eastern District of Louisiana, and that all Western District cases should remain stayed.

> JPML: Are you in favor … of relating these cases in the Eastern District under 3.1?
>
> Parish's Counsel: We are….
> …
> JPML: You believe the Rule 3.1 applies [and] you'll end up basically in front of one judge in the Eastern District through whom you're working all this out?
>
> DNR's Counsel: We don't have any objection to that. (Ex. 1, Hearing Tr.)

Plaintiffs' agreement was sensible. Assignment to a single judge would promote efficiency and consistency, and it is supported by Local Rule 3.1.1. Yet back in district court,

Plaintiffs now say the opposite. They seemingly advocate for assignment to eight different judges in this district.[1]

Most of Plaintiffs' lengthy "position on relatedness" focuses improperly on the merits of removal and, particularly, the applicability of *Board of Commissioners of Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline*, 850 F.3d 714 (5th Cir. 2017) ("*Levee Board* case"). Defendants will respond to merits arguments fully at the appropriate time.[2] It suffices to say now that any court assigned these cases will need to grapple with the *Levee Board* case's impact. And because jurisdictional grounds raised here carry an appeal as of right, the Fifth Circuit may be asked to weigh in—another reason supporting assignment to a single judge.

The only issue presented now—relatedness under LR 3.1.1—is straightforward. On that front, Plaintiffs try to maneuver for a particular judge-assignment from among the three possible cases with the "lowest number."[3] Defendants again take no position on to whom the cases should be assigned. Plaintiffs, by contrast, contend that the *Levee Board* case should not even be considered as one of the possible "lowest number" cases. That argument ignores the fact that the *Levee Board* case addressed similar issues (including the federal standard of care for dredging)

---

[1] Plaintiffs' flip flop is all-too familiar. When opposing federal jurisdiction, Plaintiffs characterized their lawsuits as a series of "individual permit enforcement actions" exclusively brought under SLCRMA. Back in state court, however, Plaintiffs said the opposite. Their lawsuit now focuses on pre-1980 activities. Plaintiffs allege that four categories of oil and gas activities dating back to the 1940s were begun and conducted "in bad faith" and thus not lawfully commenced. Plaintiffs' theory is entirely new. The State never previously sought to apply its 1980 coastal permitting statute to activities occurring more than 50 years before its enactment under a novel and nebulous "bad faith" standard.

[2] In their "Position on Relatedness," Plaintiffs strain to avoid the *Levee Board* case and its finding that federal law applies and removal is appropriate when no state law exists to inform an environmental standard of care—"negligent dredging" in the *Levee Board* case; "bad faith dredging" in the parish cases.

[3] Plaintiffs also try to suggest, without support, that "lack of consent" is a procedural impediment to removal. Since this argument is newly raised (more than 30 days after removal), Defendants will respond at the appropriate time.

and is the lowest-numbered case in which, as in the parish cases, all defendants argued for federal jurisdiction over allegations relating to coastal land loss under *Grable & Sons Metal Products v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

In any event, the key issue should not be controversial, particularly given Plaintiffs' recent assurances to the JPML: the cases in their current posture—with a newly articulated common theory of liability, common issues relating to remand, and common appellate considerations—should not be spread across eight different judges. That is especially so given this District's flexible standard under LR 3.1.1, under which related cases should be heard in front of a single judge so long as they are "similar." *See, e.g.*, *Shadow Lake Mgmt. v. Landmark American Ins.*, 2007 WL 203971, at *1 (E.D. La. Jan. 24, 2007) (applying LR 3.1.1 even though "the cases in question involve[d] different properties" and only some of the same parties, issues, and facts); *Buck v. Deutsche Bank*, 2009 WL 3199184, at *2 (E.D. La. Sept. 30, 2009) ("Suits do not need to be precisely the same before they are transferred under the Local Rules.").

The JPML's ruling contemplated two judges coordinating (one in the Eastern District and one in the Western). Plaintiffs' attempts to escape their agreement to this approach should be seen for what it is—a strategy driven not by judicial economy or efficiency but rather what they think will best assist them in their motions to remand.

                                              Respectfully submitted:

                                              /s/ Alexandra White
                                              Alexandra White (#29478)
                                              lwhite@susmangodfrey.com
                                              **SUSMAN GODFREY L.L.P.**
                                              Eric J. Mayer (#14184)
                                              emayer@susmangodfrey.com
                                              1000 Louisiana Street, Suite 5100
                                              Houston, Texas 77002-5096
                                              Telephone: (713) 651-9366
                                              Facsimile: (713) 654-6666

**KEAN MILLER LLP**
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
909 Poydras, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

-and-

**KEAN MILLER LLP**
Charles S. McCowan III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for Defendants Chevron U.S.A. Inc. and Chevron U.S.A. Holdings Inc.*

`

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2018, a copy of the above and foregoing was filed electronically with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which then issued electronic notices of the filing to registered attorneys in the federal CM/ECF PACER system.

/s/ Alexandra White
Alexandra White

5954824v1/014082