## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**THE PARISH OF PLAQUEMINES,**
    **Plaintiff**

**VERSUS**

**HHE ENERGY COMPANY, et al.,**
    **Defendants**

**CIVIL ACTION**

**NO.  18-5263**

**SECTION: "E" (2)**

## ORDER AND REASONS

Before the Court is a motion to remand filed by the Parish of Plaquemines, Plaintiff-Intervenor the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris, and Plaintiff-Intervenor the State of Louisiana *ex rel.* Jeff Landry, Attorney General (collectively "Plaintiffs").[1] Chevron U.S.A. Inc., Chevron U.S.A. Holdings, Inc., Shell Oil Company, and Shell Offshore Inc. ("Defendants" or "removing Defendants") filed an opposition.[2] Plaintiffs filed a notice of supplemental authority.[3] The removing Defendants filed two notices of supplemental authority.[4] For the reasons that follow, Plaintiffs' motion to remand is **GRANTED**.

## BACKGROUND

This case is one of many brought in Louisiana to determine the role played by oil and gas companies' oil production activities in the rapid loss of Louisiana's coastal wetlands. In each of the cases, Louisiana coastal parishes brought suit in state court against a collection of oil and gas companies, alleging that their oil production activities

---

[1] R. Doc. 73.
[2] R. Doc. 74.
[3] R. Doc. 75.
[4] R. Docs. 76; 77.

created pollution and land loss along Louisiana's coast. Specifically, Plaintiffs sue for violation of Louisiana's State and Local Coastal Resources Management Act of 1978 ("SLCRMA"). The SLCRMA regulates conduct within the Coastal Zone of Louisiana via a permitting system and provides a cause of action against companies that violate or fail to obtain permits. Each lawsuit alleges violations of the SLCRMA based on oil production activities that occurred in a specifically defined area along Louisiana's coast ("the Operational Area").

This collection of cases has a long and complex procedural history, tracing to state court in 2013. The Court will address only the procedural history relevant to the instant motion. Defendants removed this suit from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on May 23, 2018, pursuant to 28 U.S.C. § 1442, the federal officer removal statute.[5] Defendants' removal theory was that their World War II era contracts with the federal government and actions taken pursuant to those contracts brought them under the jurisdiction of this Court.[6] In June of 2018, sections of this Court stayed and administratively closed their cases pending a decision from the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this collection of cases was appropriate for transfer and consolidation of proceedings.[7] On July 31, 2018, the MDL Panel denied the removing Defendants' request for MDL coordination.[8] The cases then remained stayed while a chosen "lead case" proceeded within this district—*Plaquemines Parish v. Riverwood Production Co.*[9] At the same time, a second "lead case," *Cameron*

---

[5] R. Doc. 1.
[6] *Id.*
[7] R. Doc. 41.
[8] R. Doc. 42 at p. 2.
[9] *Plaquemines Parish v. Riverwood Production Co.*, No. 18-5217 (E.D. La.).

*Parish v. Auster Oil & Gas, Inc.*, proceeded in the Middle District of Louisiana.[10]

On January 11, 2022, a section of this Court rejected the oil and gas companies' federal officer removal theory in the lead case *Riverwood* and remanded the case to state court.[11] The defendants appealed to the United States Court of Appeals for the Fifth Circuit.[12] The Fifth Circuit consolidated the "lead cases" from the Eastern and Middle Districts of Louisiana into one for the purpose of appeal, known as *Plaquemines Parish v. Chevron USA, Inc.*[13] On October 17, 2022, the Fifth Circuit affirmed the lower court's ruling that the case should be remanded to state court.[14] The defendants sought a writ of certiorari from the United States Supreme Court, which was denied on February 27, 2023.[15] After the Fifth Circuit's ruling in *Chevron*, this Court reopened the instant case.[16] On March 28, 2023, Plaintiffs filed the instant motion to remand on the basis that the Fifth Circuit's recent ruling in *Plaquemines Parish v. Chevron USA, Inc.* precludes Defendants' federal officer removal theory.[17]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[18] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was

---

[10] *Cameron Parish v. Auster Oil & Gas, Inc.*, No. 18-677 (M.D. La.).
[11] *Plaquemines Parish v. Riverwood Production Co.*, No. 18-5217, 2022 WL 101401, at *6-10 (E.D. La. Jan. 11, 2022).
[12] *Plaquemines Parish v. Chevron USA, Inc.*, No. 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022).
[13] *Id.*
[14] R. Doc. 54; *Chevron*, No. 22-30055, 2022 WL 9914869.
[15] R. Doc. 55.
[16] R. Doc. 68.
[17] R. Doc. 73.
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).

proper."[19] Under 28 U.S.C. § 1442, Congress has allowed for the removal of state cases commenced against

> [t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The time for removal is set forth in 28 U.S.C. § 1446, which provides:

> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.[20]
> . . .
> (g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.[21]

Section 1442(a)(1), "is a pure jurisdictional statute in which the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for [Article III] purposes."[22] This statute allows federal officers to "remove cases to federal court that ordinary federal question removal would not reach [, ] . . . even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response."[23] Broadly speaking, this statute allows for removal "where a federal official is entitled to raise a defense arising out

---

[19] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002).
[20] 28 U.S.C. § 1446(b) (emphasis added).
[21] 28 U.S.C. § 1442 (2018).
[22] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).
[23] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. Feb. 24, 2020).

of his official duties."[24] The goal of the statute is to "prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."[25]

Ordinarily, the removing defendant has the burden to establish that federal jurisdiction exists.[26] However, because § 1442(a) must be liberally construed,[27] whether federal officer removal jurisdiction exists must be assessed "without a thumb on the remand side of the scale."[28]

## LAW AND ANALYSIS

Defendants removed the instant action under 28 U.S.C. § 1442, the federal officer removal statute.[29] The federal officer removal statute authorizes removal when: (1) the defendant is a person within the meaning of the statute; (2) the defendant "acted under" the direction of a federal officer; (3) the defendant's complained-of conduct is "connected or associated with" or "related to" a federal directive; and (4) the defendant has a colorable federal defense.[30]

In the instant motion to remand, Plaintiffs argue the Fifth Circuit's recent decision in *Plaquemines Parish v. Chevron USA Inc.* precludes Defendants' federal officer removal theory because the facts of the instant case are identical to those in *Chevron*.[31] In *Chevron*, the Fifth Circuit affirmed another section of this Court's remand order based on a finding that the defendants did not act pursuant to a federal officer's directive.[32] In *Chevron*, the

---

[24] *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).
[25] *Id.* at 397–98.
[26] *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. Mar. 7, 1995)).
[27] *See, e.g*, *City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.").
[28] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citations omitted).
[29] R. Doc. 1.
[30] *Latiolais*, 951 F.3d at 296.
[31] R. Doc. 73.
[32] *Chevron*, No. 23-30055, 2022 WL 9914869, at *2.

defendants presented two arguments as to how they acted pursuant to a federal officer's directive: (1) "that historical accounts show that they had an 'unusually close and special relationship' with the federal government" due to the level of federal regulation over the industry; and (2) "that because they were essential 'suppliers' for refineries that 'were contractually obligated to deliver to the government,' they were thereby 'subcontractors'" acting under a federal officer's direction.[33] The Fifth Circuit rejected both arguments.[34]

As to the first argument, the Fifth Circuit reiterated its previous holding that "merely being subject to federal regulations is not enough to bring a private action within § 1442(a)(1)."[35] As to the second argument, the Fifth Circuit affirmed the conclusion of the trial court that there was no evidence of such a subcontract relationship.[36] The Fifth Circuit went on to say that "even assuming *arguendo* that Producers were subcontractors, their mere status as subcontractors would not help establish that they 'acted under' a federal officer's directions."[37] Instead, the removing defendants still had to show they were subjected to the federal government's guidance or control as subcontractor—and the Fifth Circuit concluded they failed to do so.[38] Accordingly, the Fifth Circuit found that the defendants had failed to convince the court that they acted pursuant to a federal officer's direction.[39] Based on the Fifth Circuit's rejection of the removing Defendants' bases for federal officer removal in *Chevron*, Plaintiffs argue the instant case is factually

---

[33] *Id.*
[34] *Id.* at *3.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.* at *4.
[39] *Id.*

indistinguishable from *Chevron*, and therefore, the removing Defendants herein will likewise be unable to meet the requirements for federal officer removal.[40]

Because the Fifth Circuit rejected their previous removal theories in *Chevron*, the removing Defendants oppose Plaintiffs' motion to remand on the basis of a new theory of federal officer removal.[41] Defendants argue that, in some of the related cases (referred to by the removing Defendants as the "related refinery cases"), the defendants not only produced oil but contracted with the government to refine oil as well.[42] As a result, Defendants argue, the related refinery cases are properly removed because the defendants acted pursuant to a federal officer's directive in their contractual agreements with the government to refine oil.[43] Importantly, the instant case is not one in which any defendant refined oil pursuant to a contract with the federal government. However, in an attempt to bring this case within the scope of the federal officer removal statute, Defendants argue "because Plaintiff's theories of liability in this case . . . implicate the removing Defendants' activities in the Related Refinery Cases, and those activities support federal-officer jurisdiction, Plaintiffs' motion to remand should be denied."[44]

In the instant case, the removing Defendants' sole argument is entirely predicated on a finding that the related refinery cases were properly removed under § 1442.[45] Unfortunately for Defendants, three sections of this Court—including this section—have

---

[40] R. Doc. 73.
[41] R. Doc. 74 at pp. 4-5.
[42] *Id.* at p. 5.
[43] *Id.*
[44] *Id.* at p. 1.
[45] *Id.* at pp. 4-5. While the removing Defendants also expressed arguments related to the related refinery cases, the Court finds such arguments are moot. *Id.* at pp. 11-17. First, this is not a case involving such a contract to refine. Second, the Court specifically rejected the arguments made by Defendants about the related refinery cases in *Parish of Plaquemines v. Rozel Operation* Company, No. 18-5189 (E.D. La. May 10, 2023). Accordingly, the Court finds it unnecessary to address those arguments herein.

rejected the argument upon which they rely. In April, two sections of this Court addressed whether the related refinery cases were properly removed and held they were not.[46] On May 10, 2023, this Court likewise remanded *Parish of Plaquemines v. Rozel Operating Co.*, a related refinery case, joining its sister sections in holding the exercise of the federal officer removal statute was improper.[47] Because this Court has squarely rejected the only argument put forth by the removing Defendants, the Court finds the removing Defendants have failed to carry their burden of demonstrating removal is appropriate. Accordingly, this case should be remanded.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Plaintiffs' motion to remand[48] is **GRANTED.**

**New Orleans, Louisiana, this 11th day of May, 2023.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] *Plaquemines Parish v. Northcoast Oil Co.*, No. 18-5228, 2023 WL 2986371 (E.D. La. Apr. 18, 2023); *Plaquemines Parish v. Exchange Oil & Gas Corp.*, No. 18-5215, 2023 WL 3001417 (E.D. La. Apr. 19, 2023).
[47] No. 18-5189 (E.D. La. May 10, 2023).
[48] R. Doc. 73.